Case 4:15-cv-00532-A Document 11 Filed 08/21/15 Page 1 of 4 PageID 71

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 21 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANDRA TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-532-A |
| | § | |
| WELLINGTON INSURANCE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER

The above-captioned action was initiated by plaintiff, Sandra Torres, by the filing of her petition in the District Court of Tarrant County, Texas 96th Judicial District, on June 24, 2015. She named as defendant Wellington Insurance Company ("Wellington").

Plaintiff alleged in her petition that Wellington provided the insurance coverage on her property in Arlington, Texas, when the property was damaged by a hail and wind storm occurring on or about April 3, 2014, and that Wellington improperly adjusted plaintiff's claim under the policy.

On July 20, 2015, Wellington filed its original answer which included a verified denial which stated that Wellington did not issue an insurance policy to plaintiff and further that neither Wellington nor "anyone acting on its behalf performed any of the acts alleged in Plaintiff's Original Petition, including but not limited to selling the policy, taking a report of the claim,

adjusting or investigating the claim, inspecting Plaintiff's property, or communicating with Plaintiff in any manner." Notice of Removal Ex. 4 at 1-2.

Intervenor defendant, Companion Property and Casualty Insurance Company ("Companion"), then filed a original petition in intervention on July 21, 2015, wherein it stated that it sold plaintiff the insurance policy and that it was "Companion, or those acting on its behalf, that took the report of the claim, adjusted and investigated the claim, inspected Plaintiff's property, and communicated with Plaintiff." Notice of Removal Ex. 5 at 3. On that same day, Companion filed the instant notice of removal.

Plaintiff has not filed a motion to remand to state court, but that does not relieve this court of the obligation to determine whether it has subject matter jurisdiction. It does not have subject matter jurisdiction if Wellington was properly joined, but does have subject matter jurisdiction if he was improperly or fraudulently joined. Having considered the notice of removal, the state court papers attached thereto, and the applicable legal authorities, the court has concluded that Wellington was improperly joined and that Companion is the proper defendant in the above-captioned action, with the consequence that Wellington's citizenship should be disregarded in

determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against Wellington should be dismissed.

To determine whether a party was fraudulently or improperly joined, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). In making such a determination, "the court may pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." Id. Having considered Wellington's verified denial, as well as Companion's admissions in its petition in intervention, the court finds sufficient evidence to conclude that plaintiff is unable to establish a cause of action against Wellington, and for that reason, Wellington should be dismissed.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Wellington be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby direct, entry of final judgment as to such dismissal.

SIGNED August 21, 2015.

_____
JOHN McBRYDE
United States District Judge